DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**SHERRI LITTON, et al.,**

        **Plaintiffs,**

v.   Case No. 03-2377-KHV-DJW

**MAVERICK PAPER CO., et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Reconsider Order on Motion to Compel Discovery or, in the Alternative, to File Motion to Compel Out of Time (doc. 74). Plaintiffs seek reconsideration of the Court's Order entered on February 17, 2005 (doc. 71) denying Plaintiffs' Motion to Compel (doc. 60). In the alternative, Plaintiffs seek leave to file their Motion to Compel out of time.

A telephone hearing was held on the Motion to Reconsider on May 13, 2005. Plaintiffs appeared through counsel Rebecca M. Randles and Luis Mata. Defendants appeared though counsel Eric E. Packel. This Order will memorialize and further explain the Court's oral rulings.

**I.**     **Background Information**

Plaintiffs filed their Motion to Compel (doc. 60) on January 19, 2005, seeking to compel Defendants to answer seven different sets of interrogatories and one request for production. The Court denied the Motion to Compel on the basis that it was untimely, i.e., was not filed within thirty days of Defendants answering and/or objecting to the discovery requests, as required by D. Kan. Rule 37.1(b). The Court noted that Plaintiffs did not discuss the timeliness of their Motion to Compel nor did they attempt

to explain why they had delayed in filing the Motion. The Court also noted that Plaintiffs' counsel had failed certify that they had conferred, or attempted to confer, in good faith with Defendants' counsel, in an effort to secure the discovery responses without the Court's intervention, as required by Federal Rule of Civil Procedure 37(a)(2)(B) and D. Kan. Rule 37.2.

In their Motion for Reconsideration, Plaintiffs argue that good cause supported their delay in filing the Motion to Compel in that the parties had agreed Plaintiff could postpone filing any motions to compel until after depositions had been taken and a mediation completed. Plaintiffs do not provide any documentation of such an agreement, however, and the Court notes that no motion for extension of time to file a motion to compel was ever filed.

At the telephone hearing, Defendant disputed that any such agreement existed — at least as to the vast majority of the discovery at issue. Defendants did not dispute, however, that the parties had conferred and agreed that Plaintiffs could delay filing a motion to compel regarding Defendant Robert Hatch's personal financial information. Defendants also indicated at the telephone hearing that they had agreed to provide J. D. Battenberg's computer for Plaintiffs' inspection.

In addition to arguing that the parties had an agreement that Plaintiff could postpone filing any motions to compel, Plaintiffs assert that they did satisfy their duty to confer. They state that they merely inadvertently failed to attach the certificate of compliance indicating that counsel had conferred. Plaintiffs submit a certificate of compliance with their Motion for Reconsideration. Finally, Plaintiffs argue in the alternative that the Court should allow them to file their Motion to Compel out of time.

## II.     Standard for Ruling on a Motion for Reconsideration

Pursuant to D. Kan. Rule 7.3, motions seeking reconsideration of non-dispositive orders must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[1] The decision whether to grant a motion to reconsider is committed to the court's sound discretion.[2]

It is well settled that a motion to reconsider is not a second chance for the losing party to ask the Court to revisit issues already addressed or to consider new arguments and supporting facts that could have been presented originally.[3] Nor is a motion to reconsider to be used as "a second chance when a party has failed to present it strongest case in the first instance."[4] Reconsideration may, however, be appropriate "where the court has misapprehended the facts, a party's position, or the controlling law."[5]

---

[1] The Tenth Circuit has adopted the same standard. *See, e.g., Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

[2] *Brumark,* 57 F.3d at 944; *Hancock v. City of Okla. City,* 857 F.2d 1394, 1395 (10th Cir. 1988).

[3] *Servants*, 204 F.3d at 1012; *Sonnino v. Univ. of Kan. Hosp. Authority*, 221 F.R.D. 661, 664 (D. Kan. 2004).

[4] *Sonnino,* 221 F.R.D. at 664 (citing *Steinert v. Winn Group, Inc.*, No. 98-2564-CM, 2003 WL 23484638, at *2 (D. Kan. Sept. 24, 2003) (quoting *Prairie Band Potawatomi Nation v. Richards,* No. 99-4071-JAR, 2003 WL 21536881, at *1 (D. Kan. July 2, 2003)).

[5] *Servants,* 204 F.3d at 1012; *Sonnino*, 221 F.R.D. at 664,

**III.     Analysis**

The Court holds that reconsideration is appropriate on only two issues: (1) Plaintiffs' requests for production of documents regarding Defendant Robert Hatch's personal financial information, and (2) Plaintiffs' request that Defendants make Mr. Battenberg's computer available for inspection. The Court finds, based on the new information provided in connection with the Motion for Reconsideration, that the parties did in fact have an agreement that Plaintiff could delay filing a motion to compel as to Defendant Hatch's personal financial information. The Court also finds that there was an agreement that Defendants would make Mr. Battenberg's computer available for Plaintiffs' inspection. Although this information was not initially provided to the Court in connection with the Motion to Compel, Plaintiffs would suffer manifest injustice if the Court were to disregard it.

Accordingly, the Court will grant reconsideration as to these two specific discovery disputes. Upon reconsideration of the Motion to Compel, the Court finds that the income tax returns and personal financial statements of Defendant Hatch for the period 1998 through 2001 are relevant, and the Court overrules Defendant Hatch's objections to producing these documents. Within **ten (10) days** of the date of filing of this Order, Defendant Hatch shall produce copies of said income tax returns and personal financial statements.

In addition, the Court grants the Motion to Compel to the extent Plaintiffs request that Defendants make J. D. Battenberg's computer available to them for inspection. Within **ten (10) days** of the date of filing of this Order, counsel for the parties shall confer regarding the procedures for making the Battenberg computer available for Plaintiffs' inspection.

The Court finds no basis to grant reconsideration as to any of the other matters at issue. In addition, the Court finds that Plaintiffs have not established good cause to support their alternative request to file their Motion to Compel out of time.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Reconsider Order on Motion to Compel (doc. 74) is granted only to as to: (1) the requests for production seeking Defendant Robert Hatch's income tax returns and personal financial statements for the period 1998 - 2001, and (2) Plaintiffs' request to inspect J.D. Battenberg's computer, as set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reconsider Order on Motion to Compel (74) is denied in all other respects.

**IT IS FURTHER ORDERED** that, on reconsideration, Plaintiffs' Motion to Compel (doc. 60) is granted to the extent that (1) Defendant Robert Hatch is ordered to produce his income tax returns and personal financial statements for the period 1998 through 2001, and (2) Defendants are ordered to make J.D. Battenberg's computer available for Plaintiffs' inspection.

**IT IS FURTHER ORDERED** that Plaintiffs' alternative request to file their Motion to Compel out of time (doc. 74) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 13th day of May 2005.

                                                      s/ David J. Waxse
                                                      David J. Waxse
                                                      U.S. Magistrate Judge

cc:    All counsel and *pro se* parties