DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**SHERRI LITTON, et al.,**

      **Plaintiffs,**

      v.                                      Case No. 03-2377-KHV-DJW

**MAVERICK PAPER CO., et al.,**

      **Defendants.**

## ORDER

Pending before the Court is Plaintiffs' Motion to Compel Discovery, for Sanctions and for Leave to Subpoena Personal Financial Records (doc. 100).

Plaintiffs seek an order compelling Defendant to comply with the Court's May 13, 2005 Order (doc. 93) directing Defendant Robert Hatch to produce his personal financial statements for the period 1998 through 2001. In the alternative, Plaintiffs request that they be allowed to re-open discovery to subpoena the financial statements from Hillcrest Bank or other banking institutions or agencies in the event Hillcrest Bank does not have the financial statements in its possession.

Plaintiffs initially also requested Rule 37(b)(2) sanctions based on Defendant Hatch's failure to comply with the Court's May 13, 2005 Order and produce the financial statements. Plaintiffs have informed the Court, however, that their request for sanctions is now moot, based on communications that have taken place between the parties after this motion was filed.

The parties agree that Mr. Hatch has produced his financial statement for 2000 and a partial financial statement for 1998. Mr. Hatch asserts that he does not have any other financial statements in his possession. He has agreed that discovery may be reopened for the purpose of subpoenaing his financial

statements for the period 1998 through 2001.

In light of the above, the Court will grant Plaintiffs' motion to the extent the motion seeks to re-open discovery for the limited purpose of allowing Plaintiffs to subpoena the personal financial statements of Defendant Hatch for the period 1998 through 2001. Plaintiffs shall first serve the subpoena on Hillcrest Bank. In the event, Hillcrest Bank does not have in its possession the financial statements, Plaintiffs are granted leave to serve subpoenas on other banking, lending, or government regulatory agencies that may be in possession of Mr. Hatch's financial statements for the period 1998 through 2001.

The Court finds Plaintiffs' motion to be moot to the extent it seeks to compel Defendant Hatch to produce the financial statements and to the extent it seeks sanctions.

The Court notes that in their reply brief, Plaintiffs request for the first time that "they need access to the computer of Mr. Battenburg."[1] The Court will decline to consider this request for relief, as Plaintiffs have not properly raised it in a motion and have not satisfied the duty to confer regarding such a request.[2]

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 28th day of September 2005.

s/ David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties

---

[1] Pls.' Reply (doc. 104) at p. 3.

[2] *See* D. Kan. Rule 7.1 (requiring party to file motion accompanied by brief or memorandum); D. Kan. Rule 7.6 (setting forth required contents of briefs and memoranda, including statement of facts, argument, and authorities); D. Kan. Rule 37.2 (setting forth duty to confer regarding motions to resolve discovery disputes pursuant to Fed. R. Civ. P. 37).