# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHERRI LITTON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 03-2377-KHV |
| MAVERICK PAPER CO., et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## ORDER

Sherri Litton and Ronald Litton bring suit against Maverick Paper Company ("Maverick"), Robert W. Hatch and Richard Williamson, for various claims arising out employment and shareholder relationships with Maverick. The case is scheduled for trial on January 17, 2006. This matter comes before the Court on defendants' Motion To Dismiss Portion Of Claim And Limit Evidence (Doc. #121) and Defendants' Motions In Limine Incorporating Objections To Witnesses (Doc. #123), both filed October 18, 2005.

## I.   Motion To Dismiss Portion Of Claim And Limit Evidence

To the extent plaintiffs rely on alleged self-dealing which occurred in December of 1998, defendants ask the Court to dismiss plaintiffs' claims because they are barred by applicable statute of limitations. The Amended Scheduling Order (Doc. #41) required the parties to file dispositive motions by January 31, 2005.[1] Defendants have not sought leave to file a dispositive motion out of time. The Court therefore overrules defendants' motion to dismiss as untimely. At trial, the Court will consider a timely motion for judgment as a matter of law on these issues.

---

[1] On January 25, 2005, the Court extended the dispositive motion deadline to February 7, 2005. See Doc. #64.

Defendants contend that because a three-year limitations period applies to plaintiffs' claims, the Court should limit the evidence at trial to events which occurred within three years from the date on which plaintiffs filed their complaint. As an initial matter, the Court has not yet determined which time limitations apply. See Objection To Defendant's [sic] Motion To Dismiss Portion Of Claim And Limit Evidence (Doc. #135) filed October 25, 2005 (arguing that statute of limitations did not begin to run at time of self-dealing and that five-year limitations period applies to claim for breach of shareholders agreement). Moreover, events which occurred outside the limitations period are not necessarily irrelevant. At the same time, proof that defendants had a practice or habit of engaging in self-dealing is not necessarily relevant. The parties need to carefully examine the elements of their respective claims and defenses and be prepared at trial to identify particular elements to which such proof might be relevant. Defendants' motion to limit evidence, however, is overruled.

## II.     Motion In Limine

### 1.     Evidence Regarding Content Of J.D. Battenberg's Computer Hard Drive

Defendants argue that evidence regarding the content of J.D. Battenberg's hard drive is irrelevant and prejudicial. Plaintiffs respond that such evidence is relevant to Sherri Litton's claim for retaliatory discharge under Title VII and that it corroborates her testimony that she saw pornographic images on Battenberg's computer. On this record, however, evidence regarding the content of Battenberg's hard drive is irrelevant and unduly prejudicial. The relevant issues are whether plaintiffs made a good faith report of pornography on Battenberg's computer and whether defendants retaliated against plaintiffs for making that report. The list of web sites which Ron Litton gave Hatch on January 9, 2001 is admissible on these issues. Whether Battenberg actually accessed pornography on his computer is less important, and the

relevance of such evidence is outweighed by factors enumerated in Rule 403, Fed. R. Evid.

### 2. Evidence Relating To Mr. Hatch's Financial Records And Wealth

Defendants assert that evidence relating to Hatch's financial records and wealth is irrelevant and prejudicial. The Court agrees and will sustain the motion except to the extent that such records may contain inconsistent statements by Hatch regarding the value of Maverick stock. Also, to the extent plaintiffs seek punitive damages against Hatch, the Court will also allow such evidence after plaintiffs have made a prima facie showing that they are entitled to punitive damages from him. Defendants' motion is otherwise sustained.

### 3. Evidence Relating To Plaintiffs' Claims For Damages Arising From Ron Litton's Unexercised Stock Options

Defendants seek to exclude evidence relating to plaintiffs' claims for damages resulting from stock options which Ron Litton never exercised. The Court reserves ruling on this issue until trial.

### 4. Evidence Relating To Plaintiffs' Claims For Compensatory Damages

Defendants argue that plaintiffs should be precluded from testifying about emotional pain and suffering because they testified in their depositions that they did not experience such damages. The Court will not exclude evidence regarding compensatory damages on this ground. At trial, defendants may use plaintiffs' deposition testimony to impeach their claims for compensatory damages.

### 5. Expert Testimony By Sherri Litton Regarding Value Of Maverick Stock

Defendants assert that Sherri Litton is not qualified to testify about the value of Maverick stock. Plaintiffs respond that Ms. Litton is not an expert on stock valuation and will not be asked to provide an expert opinion regarding the value of Maverick shares. See Plaintiffs' Memorandum at 7. The value of

3

Maverick shares does not appear to be a matter on which her lay opinion would be helpful to the jury. Therefore, unless plaintiffs can establish a proper foundation for such lay opinion evidence at trial, defendants' motion is sustained.

### 6. Expert Testimony By Ron Litton Regarding Value Of Maverick Stock

Defendants assert that Ron Litton is not qualified to testify as an expert regarding the value of Maverick stock. Plaintiffs disagree, arguing that Litton's experience renders him qualified to testify as to such matters. At trial, plaintiffs can attempt to lay a foundation for Litton to provide a lay opinion regarding the value of Maverick stock.[2] Until such time, counsel may not mention his opinion regarding such issues. Defendants' motion is sustained.

### 7. Evidence Of Stock Value Manipulation

Defendants argue that because Ron Litton's deposition discussed only one instance of stock value manipulation, plaintiffs should be precluded from presenting evidence of other instances of stock value manipulation. Other instances may be relevant, however, if they exist, and the Court will not exclude evidence on this ground. At trial, defendants may use plaintiffs' deposition testimony for impeachment purposes.

### 8. Evidence Of Self-Dealing

Defendants seek to exclude evidence of self-dealing because (1) plaintiffs testified that only one instance of self-dealing occurred (in December of 1998); and (2) the one instance of self-dealing occurred outside the applicable limitations period. This request is without merit. To the extent plaintiffs' trial

---

[2] The record does not disclose whether plaintiffs designated Litton as an expert witness on this issue.

4

testimony differs from their deposition testimony, defendants may impeach plaintiffs at trial. Moreover, as discussed above, events which occurred outside the limitations period are not necessarily irrelevant to plaintiffs' claims.

### 9. Jim Armstrong

Defendants argue that the proposed testimony of Jim Armstrong is irrelevant and that plaintiffs cannot lay a proper foundation for his proposed opinions. The Court reserves ruling and will address these issues on contemporaneous objections at trial.

### 10. Charles Oppenheimer

Defendants argue that the proposed testimony of Charles Oppenheimer is irrelevant. The Court also reserves ruling on this issue until trial.

### 11. David Rittenhouse

Defendants assert that the proposed testimony of David Rittenhouse is irrelevant and that plaintiffs did not previously disclose him as a witness in the case. Plaintiffs respond that they included Rittenhouse in the supplemental disclosures which they made on December 13, 2004.[3] The Court reserves ruling on this issue until trial, but sustains defendants' motion for the present.

### 12. Steve Ruley

Defendants assert that the proposed testimony of Steve Ruley is irrelevant and that plaintiffs did not previously disclose him as a witness in the case. Plaintiffs respond that Ron Litton's deposition discussed Ruley at length and that defendants should have foreseen his testimony. Because plaintiffs did not previously

---

[3] The Court does not have a copy of the supplemental disclosures and cannot confirm this fact.

5

disclose Ruley as a witness, the Court will preclude him from testifying at trial unless plaintiffs can show that their failure to disclose is harmless pursuant to Rule 37(c)(1), Fed. R. Civ. P.

### 13. Bill Snyder

Defendants assert that the proposed testimony of Bill Snyder is irrelevant. Plaintiffs respond that they do not intend to call Snyder in their case in chief. Defendants' motion is therefore moot as to this issue.

### 14. Patrick Mason

Defendants assert that the proposed testimony of Patrick Mason is irrelevant, unfairly prejudicial and lacks foundation. Plaintiffs respond that they do not intend to call Mason in their case in chief. Defendants' motion is therefore moot as to this issue.

### 15. Jack McWilliams

Defendants assert that the proposed testimony of Jack McWilliams is irrelevant and that plaintiffs did not previously disclose him as a witness in the case. Plaintiffs respond that they included McWilliams in the supplemental disclosures which they made on December 13, 2004.[4] The Court reserves ruling on this issue until trial, but sustains defendants' motion for the present.

### 16. James Sulzen

Defendants argue that the proposed testimony of James Sulzen is irrelevant. The Court reserves ruling on this issue until trial.

**IT IS THEREFORE ORDERED** that defendants' Motion To Dismiss Portion Of Claim And Limit Evidence (Doc. #121) be and hereby is **OVERRULED.**

---

[4] The Court does not have a copy of the supplemental disclosures and cannot confirm this fact.

**IT IS FURTHER ORDERED** that Defendants' Motions In Limine Incorporating Objections To Witnesses (Doc. #123) filed October 18, 2005 be and hereby is **SUSTAINED in part.** The Court's evidentiary rulings are set forth above.

Dated this 11th day of January, 2006 at Kansas City, Kansas.

                                          s/ Kathryn H. Vratil
                                          Kathryn H. Vratil
                                          United States District Judge