# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SHERRI LITTON, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 03-2377-KHV** |
| **MAVERICK PAPER CO., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## ORDER

Sherri Litton and Ronald Litton bring suit against Maverick Paper Company ("Maverick"), Robert W. Hatch and Richard Williamson, for various claims arising out of employment and shareholder relationships with Maverick. The case is scheduled for trial on January 17, 2006. This matter comes before the Court on Plaintiffs' Motion In Limine (Doc. #131) filed October 20, 2005. With respect to such motion, the Court rules as follows:

**1.    Charge Of Discrimination Which Ron Litton Filed Against Former Employer**

Plaintiffs argue that evidence regarding a charge of discrimination which Ron Litton filed against a former employer is irrelevant and prejudicial. Defendants respond that such evidence demonstrates Litton's *modus operandi*. On this record, any slight relevance of evidence regarding the prior discrimination charge is substantially outweighed by the danger of unfair prejudice, confusion of the issues, undue delay and misleading the jury. The Court therefore sustains plaintiffs' motion on this issue.

**2.    Unemployment Compensation Decisions Regarding Sherri Litton**

Plaintiffs assert that decisions regarding Sherri Litton's unemployment compensation claims constitute legal conclusions and are unduly prejudicial. To the extent Sherri Litton claims and/or testifies

that defendants retaliated against her by contesting her unemployment compensation claims, evidence of the unemployment compensation decisions is relevant and admissible. Subject to that condition, plaintiffs' motion on this ground is overruled.

### 3. FBD Investigation

Plaintiffs seek to exclude evidence regarding an independent investigation into plaintiffs' claims, arguing that the investigation was remote in time and that the investigative report constitutes inadmissible hearsay. The Court agrees and sustains plaintiffs' motion except that defendants may use such evidence for impeachment purposes to the extent witnesses may have made statements during the investigation which differ from their testimony at trial.

### 4. Hatch's Compilation Of Loans

Plaintiffs argue that a list of loans which Hatch made to Maverick is inadmissible hearsay. To the extent defendants can establish that the document constitutes a data compilation under Rule 803(6) and/or a summary of voluminous writings under Rule 1006, it is admissible. Plaintiffs' motion is overruled.

### 5. Improper Character Evidence Regarding Ron Litton

Plaintiffs seek to exclude evidence "which amounts to an improper character assassination based on prior acts of Litton while President of Maverick Paper Company, Inc. by defendants or disgruntled employees . . . ." Plaintiffs' Memorandum In Support Of Motion In Limine (Doc. #132) filed October 20, 2005 at 5. Plaintiffs' arguments on this issue are too vague for the Court to address in a meaningful way before trial. Plaintiffs' motion is overruled.

### 6. Immaterial Character Evidence Regarding Ron Litton And Sherri Litton

Plaintiffs seek to exclude evidence of "any testimony from Hatch or other defense witnesses that indicates that Ron or Sherri Litton were bad managers or other epithets, that were not relied upon by Hatch

or the Board . . . ." Id.  Again, plaintiffs' arguments on this issue are too vague for the Court to address in a meaningful way before trial.  Plaintiffs' motion is overruled.

### 7. Hillcrest Loan Workout

Plaintiffs seek to exclude evidence that would cause a mini-trial of the Hillcrest loan workout.  Once more, the record on this issue is too vague for the Court to address in a meaningful way before trial. Plaintiffs' motion is overruled.

### 8. Evidence From Third Parties Regarding Omaha Deal And Settlement

Plaintiffs argue that evidence from third parties regarding the Omaha deal and settlement would lead to a mini-trial of those matters.  The record on this issue is again too vague for the Court to address in a meaningful way before trial.  Plaintiffs' motion is overruled.

### 9. Undisclosed Witnesses

Plaintiffs assert that defendants failed to disclose the following witnesses: Joel Richards, Dave Anderson, Edward T. Wahl, McGladrey & Pullen representative and Brenda Meyer.  Because defendants did not previously disclose these witnesses, the Court will preclude them from testifying at trial unless defendants can show that their failure to disclose is harmless pursuant to Rule 37(c)(1), Fed. R. Civ. P.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion In Limine (Doc. #131) filed October 20, 2005 be and hereby is **SUSTAINED in part.**  The Court's evidentiary rulings are set forth above.

Dated this 11th day of January, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge